UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDUL KHALIQ VAYANI,

                     Plaintiff,

-against-

146 WEST 29TH OWNERS CORPORATION, ET AL.,

                     Defendants.

24-CV-450 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed application requesting leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915.

      In addition, Rule 3 of the Federal Rules of Civil Procedure requires a plaintiff to file a signed complaint: "[a] civil action is commenced by filing a complaint with the court." *Id.*; *Bruno v. City of New York*, No. 89-CV-6661 (KMW), 1992 WL 84471, at *1 (S.D.N.Y. Apr. 15, 1992) ("Because no complaint has been filed, the plaintiff has not [ ]commenced her action."). Rule 11(a) of the Federal Rules of Civil Procedure further provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

      Plaintiff did not file an IFP application, and instead of a complaint, Plaintiff filed a one-page, unsigned document containing only a caption.

Within thirty days of the date of this order, Plaintiff must: (1) either pay the $405.00 in fees or submit the attached IFP application; and (2) file a signed complaint. If Plaintiff submits the IFP application and signed complaint, they should be labeled with docket number 24-CV-450 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). An IFP application and complaint form are attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: January 24, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge